**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-20993-ALTMAN**

**RAFAEL GOMEZ**,

*Plaintiff*,

*v.*

**UNIVERSITY OF MIAMI**,

*Defendant*.
________________________________/

**ORDER**

The Plaintiff has sued the University of Miami, alleging that the University failed to accommodate his Jewish faith and terminated him in retaliation for requesting a religious accommodation. The Defendant moves to dismiss the complaint as a shotgun pleading. After careful consideration, we grant the Motion to Dismiss and order our Plaintiff to amend his complaint.

**THE FACTS**

Our Plaintiff, Rafael Gomez, "was employed by [the] Defendant," the University of Miami. Amended Complaint [ECF No. 49] ¶¶ 9–10. Gomez "holds sincerely held religious beliefs (Jewish faith)." *Id.* ¶ 10. The Plaintiff "requested a reasonable accommodation based on those belief[s]," *id.* ¶ 11, but the "Defendant failed and refused to accommodate," *id.* ¶ 12. He was subsequently "terminated on or about February 9, 2022." *Id.* ¶ 13.

On March 14, 2024, Gomez sued the University of Maimi under Title VII, which prohibits discrimination on the basis of religion. *See* Complaint [ECF No. 1]; *see also* 42 U.S.C. 2000e-2 (making it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"). After some procedural back-and-

forth, *see* Order Dismissing for Lack of Service [ECF No. 10]; Notice of Appeal [ECF No. 15]; Eleventh Circuit Mandate [ECF No. 24], Judge Damian of our Court dismissed the Complaint as a shotgun pleading, *see* Order Dismissing Case [ECF No. 48] at 3 (finding "that the Complaint is a quintessential shotgun pleading"). Judge Damian noted that the Complaint "does not separate each claim asserted into separate paragraphs and into separate counts." *Id.* at 8. "Although," she added, "the Complaint indicates that Gomez is suing the University pursuant to Title VII and it includes allegations indicating employment discrimination based on religion, the Complaint does not provide sufficient information from which the University or this Court can decipher the bases for his claims." *Id.* at 9. For instance, Judge Damian explained, "Gomez does not provide adequate notice of how the University's conduct infringed his religious beliefs or how such conduct rises to the level of discrimination." *Ibid.*

Judge Damian accordingly allowed Gomez "an opportunity to file an amended complaint which corrects the deficiencies identified in this Order." *Id.* at 10. Specifically, she ordered Gomez to "adequately provide the University notice of [his] claims and the grounds upon which they rest." *Id.* 8–9. She then advised Gomez that he "must support any claim he raises by alleging adequate facts to support the elements of the claims(s)." *Id.* at 9. Gomez then filed an Amended Complaint. *See generally* AC.

Since then, Judge Damian recused, *see* Damian Order of Recusal [ECF No. 51], and the case was assigned to Judge Bloom, also of our Court, *see ibid.* Two days later, however, Judge Bloom likewise recused, and we got the case, *see* Bloom Order of Recusal [ECF No. 52]. The Defendant now moves to dismiss the Amended Complaint. *See* Motion to Dismiss (the "MTD") [ECF No. 50]. The MTD is fully briefed and ripe for adjudication. *See* Response [ECF no. 55]; Reply [ECF No. 56]. After careful consideration, we **GRANT** the MTD.

## ANALYSIS

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings[.]" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Indeed, our Circuit has undertaken "a [forty]-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The Defendant contends that the Amended Complaint is a classic shotgun pleading. In its words: "Although the Amended Complaint is replete with substantive deficiencies, any of which mandate dismissal, those substantive deficiencies need not be addressed at this point because, as a threshold issue, the Amended Complaint is so clearly a shotgun pleading that it simply is not susceptible to reasonable response." MTD at 1. In the Defendant's telling, "Gomez's Amended Complaint consists of nothing but a handful of bare, conclusory allegations." *Id.* at 6. "Gomez alleges that he 'holds sincerely held religious beliefs,' that he 'requested reasonable accommodation based on those beliefs[,]' and that the University 'failed and refused to accommodate.'" *Ibid.* (quoting AC ¶¶ 10–12). "That," the Defendant observes, "is the entirety of Gomez's general section entitled factual allegations." *Ibid.* Worse, the Defendant says that Count II doesn't incorporate any factual allegations, that it includes "no additional factual allegations," and that Gomez "alleges merely that he requested a reasonable accommodation and the University failed to provide accommodation." *Id.* at 6–7 (citing AC ¶¶ 18–19). "With respect to Count III," the Defendant maintains that "Gomez alleges simply that he 'engaged in protected activity' and that the University 'retaliated by terminating [him].'" *Id.* at 7 (quoting AC ¶¶ 20–21).

The Defendant argues that these errors warrant dismissal *with* prejudice because Judge Damian already gave Gomez "an opportunity to amend, as well as guidance from the Court as to how to correct the deficiencies of his original Complaint—guidance which Gomez has chosen to completely disregard[.]" MTD at 9; *see also id.* at 3 ("Given the threadbare nature of the allegations in Gomez's original Complaint and the guidance that was provided to him by the Court with respect to his filing

of an Amended Complaint, one would assume that it would be improbable, if not impossible, that Gomez would craft an Amended Complaint that is even more threadbare and deficient than the original Complaint. But, unfortunately, he has done just that.").

The Plaintiff answers that he "has made a good-faith effort to comply with this Court's March 16, 2026 Order by clarifying allegations, organizing facts chronologically, and separating claims into distinct counts." Response at 1. "Dismissal with prejudice," he insists, "would be premature." *Ibid.* The Plaintiff, however, doesn't offer any substantive rebuttal to the Defendant's claims. *See generally* Response. We could find that the Amended Complaint is a shotgun pleading and grant the Motion to Dismiss on this basis alone. *See McDonough v. City of Homestead, Fla.*, 2023 WL 3035215, at *3 (11th Cir. Apr. 21, 2023) ("And when plaintiffs did not oppose Defendants' motions raising shotgun pleading concerns, their failure to oppose operated as an acknowledgement of these defects.") (cleaned up)); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." (cleaned up)); S.D. FLA. L. R. 7.1(c)(1) ("Failure to [file and serve an opposing memorandum of law] may be deemed sufficient cause for granting the motion by default.").

In any event, we agree that the Amended Complaint is a shotgun pleading and must be dismissed. As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it: "(1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). "All shotgun pleadings share two characteristics." *Congruex, LLC v. CCU, LLC*, 2026 WL 607613, at *9 (S.D. Fla. Mar. 4, 2026) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate

notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (cleaned up).

Here, the Defendant correctly notes that the Amended Complaint improperly contains "bare, conclusory allegations," which is one type of shotgun pleading. MTD at 6; *see also Jones v. United States Veterans Admin.*, 2022 WL 16707946, at *1 (11th Cir. Nov. 4, 2022) ("[F]ailing to provide specific facts for each count [is a] 'perfect example[ ] of [a] shotgun pleading[.]'" (cleaned up)). Each of the Plaintiff's three counts does nothing more than advance allegations in the most conclusory way—without any factual underpinning or support. For example, Count I (Religious Discrimination) alleges only that the "Plaintiff is protected under Title VII" and that the "Defendant terminated [the] Plaintiff due to religion in violation of federal law." AC ¶¶ 16–17. Separately, Count I "incorporates all prior paragraphs"—a clear hallmark of a shotgun pleading. *See Embree*, 779 F. App'x at 662 (noting that a complaint is a shotgun pleading if it "contains multiple counts where each count adopts the allegations of all preceding counts"). Worse, those "prior paragraphs" (again) include nothing more than unsupported legal conclusions. *See, e.g.*, AC ¶ 9 ("Plaintiff was employed by Defendant[.]"); ¶ 10 ("Plaintiff holds sincerely held religious beliefs (Jewish faith)."); ¶ 12 ("Plaintiff requested a reasonable accommodation based on those beliefs."); ("Defendant failed and refused to accommodate."); ¶ 13 ("Plaintiff was terminated on or about February 9, 2022."). That's not nearly good enough. *See Weiland*, 792 F.3d at 1321 ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts[.]"); *see also Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 736 (11th Cir. 2018) ("A complaint based on legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements must be dismissed." (cleaned up)). As to Count II (failure to accommodate), Gomez alleges

only that the "Plaintiff requested a reasonable accommodation" and that the "Defendant failed to provide accommodation in violation of Title VII." AC ¶¶ 15–17. Count III (retaliation) likewise claims only that the "Plaintiff engaged in protected activity" and that the "Defendant retaliated by terminating [the] Plaintiff." *Id.* ¶¶ 18–19.

What's missing from the Amended Complaint is any information about *what* sort of protected activity the Plaintiff engaged in, *what* reasonable accommodation he sought, *whether* the Defendant offered any kind of accommodation (reasonable or otherwise), or *why* the Plaintiff believes his termination was in retaliation for his religious activity. These glaring deficiencies require us to dismiss the Amended Complaint. *See Young v. Clerk of Ct. for Miami-Dade Cnty.*, 2025 WL 1368201, at *1 (11th Cir. May 12, 2025) (affirming dismissal of a complaint as "a shotgun pleading because it relied on conclusory and vague allegations and included very few facts" (cleaned up)); *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 808 (11th Cir. 2013) ("Legal conclusions must be supported by factual allegations, and pleadings that merely contain conclusions do not demonstrate sufficient grounds for relief."). Still, because we hold *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys," we'll give the Plaintiff *one more* opportunity to amend his complaint.

"To establish a reasonable-accommodation claim of religious disparate treatment, a plaintiff must first set forth a prima facie case by showing that (1) his sincere and bona fide religious belief conflicted with an employment requirement, and (2) his employer took adverse employment action against him because of his inability to comply with the employment requirement or because of the employer's perceived need for his reasonable accommodation." *Bailey v. Metro Ambulance Servs., Inc.*, 992 F.3d 1265, 1275 (11th Cir. 2021) (citing *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015)). Our "plaintiff's burden to establish a prima facie case 'is not onerous.'" *Ibid.* (quoting *Walden v. Ctrs. for Disease Control & Prevention*, 669 F.3d 1277, 1293 (11th Cir. 2012)). In his second amended complaint, Gomez must tell us *how* his "bona fide religious belief conflict[ed] with an employment

requirement." *Ibid.* This includes alleging, at a minimum, *what* his religious beliefs were, *what* the employment requirement was, and *how* they conflicted. Similarly, Gomez must allege *facts* suggesting that the Defendant failed to accommodate these religious beliefs *and* explaining why he believes that he was terminated because of those religious beliefs. But we warn Gomez that, if his *second* amended complaint fails again, we *will* dismiss his case *with* prejudice.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Motion to Dismiss [ECF No. 50] is **GRANTED**.
2. The Amended Complaint [ECF No. 49] is **DISMISSED without prejudice.**
3. The Plaintiff may file a second amended complaint by **September 4, 2026**. His failure to file a second amended complaint on time and in compliance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, and this Order will result in dismissal of his claims **with prejudice**.

**DONE AND ORDERED** in the Southern District of Florida on August 20, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record