**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-20993-ALTMAN/Hernandez**

**RAFAEL GOMEZ,**

*Plaintiff*,

*v.*

**UNIVERSITY OF MIAMI,**

*Defendant.*
_______________________________________/

**ORDER**

Before the Court is Defendant University of Miami's (Defendant) Expedited and Unopposed Motion to Stay Remaining Deadlines Pending the Court's Ruling on Motion to Dismiss ("Motion"). [ECF No. 64]. Defendant seeks to freeze the case until the Court rules on the pending Motion to Dismiss, [ECF No. 63], to conserve resources. [ECF No. 64 at 1]. But a stay pending the determination of a motion to dismiss is the exception, not the rule, and Defendants have not shown specific prejudice from allowing the case to proceed. Accordingly, and after due consideration, the Motion is DENIED.

* * *

Plaintiff filed his original complaint on March 14, 2024. [ECF No. 1]. The Complaint was dismissed because of what appeared at the time to be Plaintiff's failure to timely serve Defendant. [ECF No. 10]. Plaintiff appealed. [ECF No. 15]. Although the appeal "raise[d] no identifiable issues," the record disclosed that, unbeknownst to the Court when it issued the dismissal, Plaintiff had, in fact, served Defendant. [ECF No. 24 at 7]. Accordingly, the Case was reopened. [ECF No. 26].

During the pending appeal, Defendants filed a motion to dismiss the complaint as a shotgun pleading. [ECF No. 11]. In May 2025, after the case was reopened, Defendants successfully renewed

that motion. [ECF Nos. 25, 26]. The Court granted the motion to dismiss and allowed Plaintiff to refile. [ECF No. 48]. On March 31, 2026, Plaintiff filed his amended complaint. [ECF No. 49]. On April 30, 2026, the Court issued its scheduling order, which provides that discovery in the case must conclude by September 15, 2026. [ECF No. 57 at 2]. The Court's schedule also set the summary-judgment deadline for October 7, 2026. *Id.*

Defendants filed a second motion to dismiss on April 8, 2026, [ECF No. 50], which the Court granted, [ECF No. 60]. The Court gave Plaintiff until September 4, 2026, to file a second amended complaint, *id.* at 7, and Plaintiff did so, filing his Second Amended Complaint ("SAC") on August 31, 2026, [ECF No. 61].

On September 9, 2026, Defendant moved: first, to dismiss the SAC, arguing that it remains a shotgun pleading, [ECF No. 63]; second, to stay all pending deadlines while the Court reviews the motion to dismiss, [ECF No. 64]. Asserting that the pending motion to dismiss "is potentially case-dispositive," Defendant argues a stay will "avoid [the] unnecessary burden on the parties and the Court" of moving forward. *Id.* at 4. Defendant does not, however, detail this "unnecessary burden," referring instead to the pending discovery and summary-judgment-related deadlines that have existed since April. *Id.* at 3.

A district court wields "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). But "motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci v. Kouri Grp.*, *LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (cleaned up); *see also Cal Bridge, Inc. v. OneCal*, 2025 WL 3682759, at *1 (S.D. Fla. Jan. 22, 2025) ("A stay of discovery pending the determination of a motion is the exception rather than the rule." (cleaned up)). And with good reason: "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Tillman*

*v. Advanced Pub. Safety, Inc.*, No. 15-81782-CIV, 2016 WL 11501679, at *1 (S.D. Fla. June 2, 2016) (quoting *United States v. Berkley Reg'l Ins. Co.*, No. 6:15-CV-331-ORL-41, 2015 WL 2452298, at *1 (M.D. Fla. May 21, 2015)). Finally, "discovery stay motions are generally denied except where a *specific* showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (emphasis added) (internal quotation marks omitted).

Defendant has made no such showing of prejudice or burdensomeness. Indeed, the Court issued its scheduling order months ago, and we presume the parties have proceeded accordingly. This means that much of the discovery work has been done, and Defendant identifies no specific request as unduly burdensome. *See*, *e.g.*, *Lord v. Univ. of Miami*, No. 13-22500-CIV, 2021 WL 9859769, at *3 (S.D. Fla. Oct. 27, 2021) ("Rather than pointing to a specific burden that Defendant will face absent a stay, the Motion to Stay simply states that '[Defendant] . . . will be unnecessarily burdened' by engaging in discovery before the Motion to Dismiss is resolved. This halfhearted assertion hardly satisfies Defendant's burden.") (cleaned up). Finally, Defendant observes that the summary judgment deadline closely follows the conclusion of briefing on the motion to dismiss without outlining how this prejudices its case. Again, general pronouncements—or nods toward some undefined burden—will not do. Accordingly, the record discloses no reason to bring the case to a halt because of the pending motion to dismiss.

* * *

It is therefore ORDERED AND ADJUDGED that the Motion, [ECF No. 64], is DENIED.

DONE AND ORDERED in the Southern District of Florida on September 9, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA